FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 7 2007

JAMES N. HATTEN, Clerk
By: /s/
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LARRY WILLIAMS MOSES, | : | |
| Plaintiff, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| ATTY MICHAEL R. JOHNSON; | : | 1:07-CV-331-CAM |
| DETECTIVE GAYLE M. | : | |
| NICHOLS; LIEUTENANT T. | : | |
| STEEL, | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff has submitted the instant civil rights action and seeks leave to proceed without prepayment of the $350.00 filing fee, other fees or security therefor, pursuant to 28 U.S.C. § 1915(a). Plaintiff, however, is prohibited from doing so by Subsection (g) of 28 U.S.C. § 1915.

According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

AO 72A
(Rev.8/82)

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The records of the Clerk of the Court indicate that Plaintiff has filed at least three complaints in this Court that were dismissed prior to service of process as frivolous pursuant to 28 U.S.C. § 1915.  Plaintiff's prior prisoner complaints before this Court that were dismissed as frivolous include the following: Moses v. Johnson, et al., Civil Action No. 1:98-CV-332-CAM; Moses v. Johnson, Civil Action No. 1:97-CV-3077-CAM; Moses v. Barrett, et al., 1:95-CV-2887-CAM. Furthermore, this Court finds no indication that Plaintiff is "under imminent danger of serious physical injury."  Accordingly, leave for Plaintiff to proceed in forma pauperis is hereby **DENIED.**

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). See also Simmons v. Zloch, No. 04-16321, 2005 WL 2952352 at *2 (11th Cir. Nov. 7, 2005) (citing to Dupree and affirming denial of in forma pauperis motion and dismissing complaint pursuant

to § 1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).[1]

**IT IS THEREFORE ORDERED** that the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 6th day of March, 2007.

```
                        CHARLES A. MOYE, JR.
                        SENIOR UNITED STATES DISTRICT JUDGE
```

---

[1] Although Plaintiff filed the complaint on the 42 U.S.C. § 1983 forms, in the attached pleadings thereto he attempts to characterize the complaint as a petition for a writ of habeas corpus. To the extent that Plaintiff attempts to file such a petition and seeks release from confinement, he has not indicated that he has exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974). Moreover, it appears that any such petition would be untimely under 28 U.S.C. § 2244(d). Accordingly, this Court declines to construe the instant action as a petition for writ of habeas corpus.

3